## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,          )
                                   )
       Plaintiff,          )
                                   )
-vs-                               )          Case Nos. CR-12-102-F
                                   )                    CIV-21-314-F
KENTRIEL DEJUAN THOMPSON,          )
                                   )
       Defendant.          )

## ORDER

Defendant, Kentriel Dejuan Thompson, a federal prisoner appearing with retained counsel, has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. no. 149. In support of his motion, defendant has filed a memorandum of law. Doc. no. 150. Plaintiff, United States of America, has responded to the motion. Doc. no. 158. No reply by defendant has been filed within the time prescribed by the court. Having reviewed the submissions received by both parties, the court makes its determination.

### I.

On April 17, 2012, defendant was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Plaintiff gave notice of its intent to seek the imposition of an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based upon defendant having three previous convictions for a violent felony or serious drug offense.

Defendant filed a motion to suppress seeking to suppress items seized during a search and certain statements made by him to police officers. Following two hearings, the court granted the motion as to defendant's statement about his criminal

history but denied the motion in all other respects.    Subsequently, on December 4, 2012, defendant pleaded guilty to the indictment pursuant to a plea agreement, which reserved his right to appeal from the court's denial of the motion to suppress and the court's determination of application of the ACCA enhancement, should the court determine the ACCA enhancement applied.

On December 13, 2012, defendant, appearing *pro se*, filed a letter, which the court construed as a motion to withdraw plea of guilty and a motion for appointment of new counsel.    The court denied the motions during a hearing held on February 7, 2013.

After reviewing the parties' sentencing-related briefing and being mindful of defendant's previous concern with respect to his legal representation, the court set a hearing on April 29, 2013 to receive an expression from defendant as to the level of his current satisfaction with his legal representation.    The court, after conducting a colloquy with defendant at the April 29th hearing, appointed new counsel for him.

Over defense counsel's objections, the court found the ACCA enhancement applied, imposing a 240-month prison sentence and five years of supervised release. Judgment was entered on August 6, 2013.    Without the ACCA enhancement, defendant's maximum prison term would have been 120 months.    Defendant appealed his conviction and sentence, claiming the court committed reversible error in denying the motion to suppress and in sentencing him pursuant to the ACCA. The conviction and sentence were affirmed by Tenth Circuit on November 19, 2014. Defendant filed a petition for a writ of certiorari, which was denied by the Supreme Court on May 4, 2015.

On April 8, 2021, defendant filed his § 2255 motion.

II.

Defendant argues that he is entitled to relief under § 2255 on the basis of the Tenth Circuit's recent decision in United States v. Cantu, 964 F.3d 924 (10th Cir. 2020).   In Cantu, the Tenth Circuit held that convictions under 63 O.S. § 2-401(A) for distribution of controlled substance do not constitute predicate "serious drug offenses" under the ACCA.   According to defendant, his sentence was enhanced predicated upon prior § 2-401(A) convictions, and without those convictions, he does not qualify for the enhancement.   Defendant contends that his § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(4), because it has been filed within one year of the Cantu decision, which was issued on July 6, 2020.   Alternatively, defendant asserts that his motion qualifies for equitable tolling of the applicable one-year limitations period inasmuch as his sentence was enhanced using prior state drug convictions that never qualified as ACCA predicates.

Plaintiff, in response, contends that defendant's motion is untimely because the Cantu decision is not a discoverable "fact" within the meaning of § 2255(f)(4) and defendant is not entitled to equitable tolling of the one-year limitations period. Addressing the merits of defendant's motion, plaintiff contends that despite the Cantu ruling, defendant's prior convictions under § 2-401(A) do qualify as ACCA predicate convictions because the convictions pre-date the November 1, 2008 change in Oklahoma's drug schedule, and therefore, they are not broader than a serious drug offense under the ACCA.

III.

Upon review, the court agrees defendant's motion is untimely filed. A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). In the majority of cases, the operative date from which the limitations period is measured is the one identified in § 2255(f)(1): "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final upon completion of direct review. U.S. v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000). Here, one year has clearly passed since completion of defendant's direct review.

Defendant, in his papers, specifically relies upon § 2255(f)(4) for measuring the one-year limitations period. Section 2255(f)(4) provides that the one-year limitations period may run from

> the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(4).

While defendant's motion was filed within one year of the date Cantu was decided, the Tenth Circuit's ruling is not a newly discovered "fact" within the meaning § 2254(f)(4). As pointed out by plaintiff, courts, including the Tenth Circuit, have determined that a change or clarification of controlling law in a judicial decision is not a "fact" that begins a new one-year statute of limitations under § 2254(f)(4). See, United States v. Tyree, 757 Fed. Appx. 704, 706 (10th Cir. 2018) (citing cases); United States v. Harrison, 680 Fed. Appx. 678, 680 (10th Cir. 2017) (citing cases); see also, United States v. Hines, 592 Fed. Appx. 755, 756 (10th Cir. 2015) (Supreme Court decision does not constitute a newly discovered fact under § 2254(f)(4)) (unpublished Tenth Circuit decisions cited as persuasive). Thus, the

court concludes the Tenth Circuit's <u>Cantu</u> ruling was not a "fact" that triggered a new one-year limitations period under § 2255(f)(4).[1]

Defendant, in his memorandum, further argues that the one-year statute of limitations in § 2255(f) should be equitably tolled. The limitations period in § 2255(f) is subject to equitable tolling in certain circumstances, including when a defendant is actually innocent. <u>United States v. Gabaldon</u>, 522 F.3d 1121, 1124 (10th Cir. 2008). However, defendant's claim of innocence is based upon an argument that his prior convictions do not qualify as predicate offenses justifying the sentencing enhancement under the ACCA. This argument raises a claim of legal, rather than factual, innocence and therefore makes no showing of actual innocence. <u>United States v. Burks</u>, 643 Fed. Appx. 757, 758 (10th Cir. 2016) (citing <u>Selsor v. Kaiser</u>, 22 F.3d 1029, 1036 (10th Cir. 1994)); *see also*, <u>United States v. Denny</u>, 694 F.3d 1185, 1191 (10th Cir. 2012) (a defendant "cannot be actually innocent of a noncapital sentence") (quotation omitted). Consequently, the court finds that equitable tolling of the limitations period in § 2255(f) is not warranted.

Because one year has passed since defendant's judgment of conviction became final, <u>Cantu</u> does not trigger a new one-year limitations period under § 2255(f)(4) and equitable tolling of the § 2255(f) limitation period is not warranted, the court finds defendant's motion should be dismissed as untimely filed.[2]

---

[1] In his memorandum, defendant asserts that <u>Cantu</u> announced a new substantive rule of criminal procedure which applies retroactively. Although § 2255(f)(3) measures the one-year limitations period from the date of a "newly recognized" right that has been made "retroactively applicable to cases on collateral review," that right must be newly recognized and made retroactively applicable to cases on collateral review by the Supreme Court. <u>Cantu</u> was decided by the Tenth Circuit, not the Supreme Court. Therefore, § 2255(f)(3) does not apply to defendant's motion.

[2] In light of this finding, the court need not address the merits of defendant's § 2255 motion. However, the court notes that the Tenth Circuit in a recent unpublished decision, <u>United States v. Traywicks</u>, 827 Fed. Appx. 889, 891-892 (10th Cir. 2020), held that convictions under § 2-401(A), which occurred prior to November 1, 2008, when the controlled substances, Saliva Divinorum and Salvinorin A—not found on the federal drug schedules—were added as Schedule I drugs in 63

5

IV.

The district court is required to issue or deny a certificate of availability when it enters a final order adverse to the applicant in § 2255 proceedings.   Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

Section 2253(c)(1)(B) of Title 28 of the United States Code instructs that the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicate[s] which specific issue or issues satisfy [that] showing."   28 U.S.C. § 2253(c)(2) and (3).   A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.   Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).   When the district court dismisses a § 2255 motion on procedural grounds without reaching the defendant's underlying constitutional claims, a defendant must show "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   Slack, 529 U.S. at 484.

After considering the record in this case, the court concludes that defendant cannot make the required showing that jurists of reason would find it debatable whether the court was correct in its procedural ruling.   The court therefore concludes that a certificate of appealability should be denied.

---

O.S. § 2-204(C), qualified as predicate "serious drug offenses" under the ACCA.   As pointed out by the government, defendant's prior drug convictions pre-date November 1, 2008.

V.

Based upon the foregoing, defendant, Kentriel Dejuan Thompson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED** as untimely filed.   A certificate of appealability is **DENIED**.

DATED this 5th day of May, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0102p038.docx